JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7995 PA (VBKx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Julie Badia v. Countrywide Fin. Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendants Countrywide Home Loans, Inc. and Countrywide Financial Corporation ("Defendants") on October 22, 2010. Defendants assert that jurisdiction exists based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). Although CAFA removed many obstacles to bringing a class action in federal court the burden of establishing that jurisdiction exists still remains on a removing defendant. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

    Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." See Abrego Abrego, 443 F.3d at 683. A court may not base its jurisdiction on speculation and conjecture. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007). Rather, the removing defendant must submit "summary-judgment-type" evidence to support its claims of the amount in controversy. See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7995 PA (VBKx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Julie Badia v. Countrywide Fin. Corp., et al. | | |

  Plaintiff Julie Badia ("Plaintiff") filed this action in state court on April 8, 2009, and a first amended complaint on October 15, 2009. Defendants filed their first notice of removal on November 13, 2009. Plaintiff filed a motion to remand on December 15, 2009, arguing that Defendants had not sufficiently established Plaintiff's citizenship nor had they established that the amount in controversy was met. The Court granted Plaintiff's motion to remand in an order dated January 25, 2010. Since the Court found that Defendants' allegations of Plaintiff's citizenship were not sufficiently supported, it did not address whether Defendants had sufficiently established that the amount in controversy exceeds $5,000,000. Defendants filed this second Notice of Removal upon receipt of Plaintiff's answers to discovery, which Defendants claim establish her California citizenship. Plaintiff stated in her discovery responses that she currently resides in California and has been at the same address for the past five years. Assuming that such evidence is sufficient to show citizenship, this action must still be remanded because Defendants have not met their burden to establish that the amount in controversy is met.

  Plaintiff has filed this lawsuit as a class action on behalf of employees who worked in Defendants' consumer market, loan processing, and full spectrum division in California during the four years prior to the filing of the complaint. The Complaint alleges that Defendants violated various provisions of the California Labor Code and seeks damages and penalties.[1/] The Complaint does not specify the amount in controversy; therefore, Defendants' burden to show the amount in controversy is by a preponderance of the evidence.

  As an initial matter the Court notes that Defendants have not submitted any declarations or other "summary-judgement-type evidence" in support of the allegations contained in its Notice of Removal. Defendants have not provided any evidence to support their allegations that there are 200 class members or that the average hourly wage of those class members is $18.47. Nevertheless, even if Defendants had provided such evidence, they would still fail to establish by a preponderance of the evidence that the amount in controversy requirement is met. In calculating the amount in controversy Defendants rely on several unsupported assumptions concerning the number of times that each class member experienced a violation of the California Labor Code. For instance, in calculating the amount of penalties due under California Labor Code § 2699 Defendants assume that each of the class members experienced every

---

  [1/]  Specifically, Plaintiff brings the following causes of action: (1) failure to provide meal breaks under California Labor Code §§ 200, 226.7, 512, and 558; (2) failure to provide rest breaks under California Labor Code §§ 200, 226.7, 512, and 558; (3) failure to timely pay wages under California Labor Code §§ 201-204 and 218; (4) failure to pay overtime under California Labor Code §§ 1194 and 1198; (5) violation of California Business & Professions Code § 17200, et seq.; (6) civil penalties under the Private Attorney General Act, California Labor Code § 2699.3.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7995 PA (VBKx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Julie Badia v. Countrywide Fin. Corp., et al. | | |

violation mentioned in the complaint every single pay period of the year.[2/]  In calculating the amount on Plaintiff's claim for failure to timely pay wages upon termination Defendants assume that each class member was not paid until more than 30 days after termination and thus will be entitled to the maximum penalty of 30 days' wages.[3/]  Finally, in calculating the amount on Plaintiff's claims for failure to pay overtime and provide meal and rest breaks, Defendants assume that each class member worked two unpaid overtime hours per week and missed two rest or meal breaks per week.[4/]

Defendants' assumptions about the number of times that each class member experienced a violation are not supported by any "summary-judgment-type" evidence.  Rather, Defendants' assumptions are the type of speculation and conjecture that are insufficient to show that the amount in controversy exceeds $5,000,000.

Finally, Defendants point out that the Court must also take attorneys' fees into account when determining the amount in controversy.  See Lowdermilk, 479 F.3d at 1000.  Defendants provide authority stating that 25% of the potential damages is a benchmark starting point for calculating attorneys' fees.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047-48 (9th Cir. 2002).  Defendants have calculated attorneys' fees by taking 25% of the damages and penalties that it calculated on Plaintiff's claims.  However, as discussed, Defendants' calculations of those damages and penalties are based on unsupported assumptions.  Therefore, Defendants' calculation of attorneys' fees is also based on unsupported assumptions.

Because neither the "four corners" of the first amended complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendants have not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC 411255 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[2/]    California Labor Code § 2699 provides a penalty of $100 per pay period for initial violations and $200 per pay period for each subsequent violation.

[3/]    California Labor Code § 203(a) provides a penalty of one day's wages for every day that wages are not paid upon termination, up to a maximum of 30 days.

[4/]    Under California Labor Code § 226.7(b) an employee may recover one hour's wages for every day that a meal or rest period is not provided.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Re:  Case Number: _____

Previously Superior Court Case No. _____

Case Name: _____

Dear Sir / Madam:

Pursuant to this Court's ORDER OF REMAND issued on _____, the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office.  Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court

By: _____
  Deputy Clerk

☐ Western   ☐ Eastern   ☐ Southern Division

*cc: Counsel of record*

========================================================================

Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

_____     By: _____
Date                                                              Deputy Clerk

CV - 103 (09/08)     **LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)**